## STATE *ex rel.* MAGNUS PETERSON *vs.* BARNES.

*Opinion filed February 21st, 1893.*

### Complaint Before Magistrate—When Sufficient.

Section 8, Ch. 71, Laws 1890, which provides that, with certain specified exceptions, "no information shall be filed against any person for any crime or offense until such person shall have had a preliminary examination therefor, as provided by law, before a committing magistrate or other officer having authority to make preliminary examinations, unless such person shall waive his right to such examination," etc., construed.  *Held*, where a criminal complaint filed against the accused with an examining magistrate, after alleging time and place, designates the offense in general language, giving its name, and, in addition thereto, sets out such of the facts and circumstances constituting the offense as will fairly apprise a person of average intelligence of the nature of the accusation against him, it will be sufficient, within the meaning of the statute, to authorize the State's Attorney to file an information against the accused for the same offense if he has had or waived an examination on such complaint.  It will make no difference with this rule if certain averments of fact which are essential in an information are omitted from the complaint. Such complaints need not be framed with the same degree of care and technical accuracy as is required in framing informations and indictments.  Tested by this rule, the complaint against the petitioner is examined, and found sufficient.

### Errors of Procedure not Reviewed on Habeas Corpus.

Rulings of the District Court made upon the trial of criminal actions are reviewable by writ of error, but the writ of *habeas corpus* cannot be invoked for that purpose.

### Habeas Corpus and Writ of Error Distinguished.

Where the petitioner pleaded in abatement to an information filed in the District Court against him that he had neither had nor waived a preliminary examination for the offense charged in such information, and the plea was overruled.  *Held*, that such ruling was made by a court having jurisdiction of the person and the subject matter, and therefore the ruling cannot be reviewed by *habeas corpus*.

Petition for a writ of *habeas corpus* by the state, on the relation of Magnus Peterson, against Oscar G. Barnes, as Sheriff of Cass County.

Writ discharged.

*Taylor Crum*, for petitioner.

*Robt. M. Pollock*, State's Attorney.

WALLIN, J.   Magnus Peterson, the petitioner, was arrested upon a criminal warrant issued by a justice of the peace of Cass County, and was taken before such justice of the peace for a preliminary examination.   The complaint upon which the warrant was issued was read to the petitioner, and, acting upon the advice of counsel, the petitioner waived an examination, and was committed for trial at the next ensuing term of the District Court for Cass County.   The complaint was sworn to, and, omitting certain formal parts not criticised, is as follows: "State of North Dakota vs. Magnus Peterson, defendant.   A. E. Jones, being by me first duly sworn, on oath complains and charges that the defendant, Magnus Peterson, at the said County of Cass, on the 15th day of. August, A. D. 1891, with force and arms, did then and there commit the crime of obtaining property under false pretenses, as follows, to-wit:   That on the said 15th day of August, 1891, at the City of Fargo, in said County of Cass, the said Magnus Peterson, with intent to cheat and defraud Aultman, Miller & Co., and for the purpose of obtaining of it, the said Aultman, Miller & Co., property of the value of seventy dollars by means thereof, did falsely and feloniously represent and state to said Aultman, Miller & Co., that he, said Magnus Peterson, was then and there the owner of 80 acres of land in the County of Clay and State of Minnesota free from all incumbrances, and of the value of $1,500, and also of personal property within said County of Clay and State of Minnesota of the value of $1,000, over all indebtedness and legal exemptions; that, by reason of said false and fraudulent representations, the said Aultman, Miller & Co., were induced to and did sell and deliver to said Magnus Peterson on said 15th day of August, 1891, 540 pounds of pure manilla twine, then and there the property of said Aultman, Miller & Co., and of the value of $70, against the peace and dignity of the State of North Dakota, and contrary to the form of the statute in such case made and provided, and prays that the said Magnus Peterson may be arrested and dealt with according to law."   No depositions or testimony other than said complaint was taken by the

justice of the peace before issuing the warrant of arrest, or at any time. At a term of the District Court for Cass County next following such commitment the state's attorney of said county filed an information in due form against said Magnus Peterson, charging him with "the crime of obtaining property under false pretenses."

It will be unnecessary, for the purpose of disposing of this case, to set out the information in detail. It is conceded that it is a valid and sufficient information; also, that certain averments of fact, which are essential in an information or indictment charging said offense, were embodied in the information, but were ommitted from the complaint upon which the warrant of arrest was issued.

The petitioner, on being brought to trial on the information, pleaded in abatement thereto that "he had never had a preliminary examination for the crime or offense charged, nor waived the same, and that the crime charged was not committed during the session of the court, and that the petitioner was not a fugitive from justice." The antecedent history of the case appeared of record as above narrated, and no issue of fact was litigated upon the issues raised by the plea in abatement. The District Court overruled the plea, holding that the petitioner, having waived a preliminary examination, was in a position which authorized the state's attorney to file an information against him for the offense charged by such information, and that the offense set out in the complaint was the same offense, in substance, as that charged in the information. This ruling is assigned as error in this court.

The petitioner refused to plead either guilty or not guilty, whereupon the court directed a plea of not guilty to be entered in his behalf, and after a trial the prisoner was found guilty. A motion was made and overruled in arrest of judgment, and the petitioner was sentenced to a term of six months in the state's prison at Bismarck. Exceptions were saved to the several rulings above mentioned. While in the Cass County jail under said sentence the petitioner was awarded the writ of *habeas corpus*, directed to the sheriff of Cass County, and upon the return of

the writ the foregoing facts are upon the record of this court.

Upon the facts appearing of record, only one question arises upon the merits. It is this: In waiving a preliminary examination before the magistrate, did the petitioner, within the meaning of the statute, waive an examination for the crime or offense charged in the information lodged against him by the state's attorney? We think he did. Section 8, Ch. 71, Laws 1890, provides, with certain exceptions, not necessary to notice in this case, that "no information shall be filed against any person for any crime or offense until such person shall have had a preliminary examination therefor, as provided by law, before a committing magistrate or other officer having authority to make preliminary examinations, unless such person shall waive his right to such examination," etc. The manifest purpose of this provision of the statute is, with the exceptions specified in the statute, to prohibit the state's attorney from filing an information in the District Court charging any person with a public offense until the person accused has first had or waived a preliminary examination before an examining magistrate upon a complaint charging the offense set out in the information filed in the District Court. The grand jury being abolished, this statute was enacted to furnish the citizen with a substantial safeguard against hasty and ill advised prosecutions for grave public offenses. Without this statute, or one of similar import, the grand jury no longer existing, a citizen would be required to stand his trial for a felony on the mere accusation of one person, viz: the state's attorney. It was to prevent such a state of things that the statute above quoted was enacted, and it should therefore be upheld, and not be frittered away by judicial construction. Was the petitioner denied any right secured to him by the statute? He exercised his privilege, and waived an examination, which was tendered to him. In so doing did he waive an examination, within the meaning of the statute? In other words, was the examination tendered him by the proceedings in justice's court such as is "provided by law?" The prisoner's counsel has suggested but one reason why the preliminary

examination was not such as is contemplated by the statute. The point is made that the complaint lodged with the magistrate omitted to state one or more averments of fact which are necessary to constitute the crime of "obtaining property under false pretenses." Conceding this to be true, we cannot sustain the contention of counsel that the petitioner has not waived a preliminary examination, within the meaning of the statute. We know of no case or principle of law which requires that a complaint made as a basis for a mere preliminary examination should be drawn with the fullness and technical accuracy required in cases where the prisoner is put upon his trial in a court having authority to hear and determine the case and impose a final judgment. The system of criminal procedure which is established by the laws of this state contemplates that nonprofessional persons, and particularly justices of the peace, who, as a rule, are men unlearned in the abstruse rules of criminal pleading, may have frequent occasion to write out criminal complaints, to be filed as a basis for the arrest of offenders. To require of persons who are without professional training to frame criminal complaints with the same degree of technical accuracy which is required in indictments and informations would be to exact the impossible. No such rule has hitherto existed, and this court will not lend its sanction to such a notion. In cases of felony the jurisdiction of a justice of the peace does not extend beyond the mere initiation of the proceeding. At the utmost, he can only direct that the prisoner shall be put upon his trial before a court having competent jurisdiction. It is true that a preliminary examination, under Ch. 71, Laws 1890, has assumed a degree of importance which did not attach to it prior to the enactment of the statute. Under the statute, with the exceptions named, an examination before a magistrate must antedate the filing of an information in the District Court. The statute, however, does not undertake to modify the system of examinations existing at the time of its passage. The sole requirement is that "no information shall be filed against any person for any crime or offense until such person

shall have had a preliminary examination therefor, as provided by law, before a committing magistrate, * * * unless such person shall waive his right to such examinations," etc. The only new feature embraced in the statute under consideration is that the examination of the accused before the magistrate must have been based upon a complaint charging the same offense as that set out in the information filed against the accused by the state's attorney. Such examination can be inaugurated only upon a complaint called an "information." Comp. Laws, § 7117. "The information is the allegation in writing, made to a magistrate, that a person has been guilty of some designated public offense." But how designated? We hold that a complaint, after stating time and place, which names or describes an offense in general terms, and which, in addition thereto, sets out such facts and circumstances of the offense as will fairly apprise a person of average intelligence of the nature and cause of the accusation against him, will be sufficient, as a basis of an examination, even in cases where other averments, not inserted in such complaint, would be essential to a valid information charging the same offense. Tested by this criterion, the complaint against the petitioner was sufficient as an accusation charging him with the same offense as that embodied in the information filed in the District Court. Hence the error assigned must be overruled.

Counsel for petitioner cites *White* v. *State*, (Neb.) 44 N. W. Rep. 443. The case is good law, but is not in point here. In that case the complaint on which White was arrested did not in any manner set out any criminal charge against the accused, and the Supreme Court held that the District Court was therefore without authority to put the accused on his trial upon an information filed by the states attorney. As has been seen, we fully concur in that construction of the statute, and Nebraska statute being identical with ours. Counsel also cites the following cases: *People* v. *Chapman*, (Mich.) 28 N. W. Rep. 896; *State* v. *Braithwaite*, (Idaho,) 27 Pac. Rep. 731; *People* v. *Wallace*, (Cal.) 29 Pac. Rep. 956; *People* v. *Parker*, (Cal.) 27 Pac. Rep. 537. Some of the cases last

cited turn upon mere questions of practice arising under statutes differing from those in this state, but the general principle running through them all has our approval, viz: that the charge made in the trial court must have been made substantially—*i. e.* with fair and reasonable fullness—in the complaint upon which the prisoner was examined, unless the examination is waived. The statute in the state of Kansas is essentially the same as that of North Dakota upon the question involved in this record, and the Supreme Court of that state has, in the cases cited below, reached conclusions which are essentially in harmony with the views already stated in this opinion: *State* v. *Tennison*, (Kan.) 18 Pac. Rep. 948; *State* v. *Reedy*, (Kan.) 24 Pac. Rep. 66; *State* v. *Bailey*, (Kan.) 3 Pac. Rep. 769.

One point further, a decisive one, remains to be considered. We hold that the petitioner has mistaken his remedy. The writ of habeas corpus will not lie in behalf of a prisoner confined in execution upon a criminal judgment as a means of reviewing errors of procedure occurring upon the trial. Such errors can be reviewed in this state only by the writ of error. This doctrine has long since passed beyond the domain of debate, and is reckoned among the fundamentals of the law of procedure. See petition of Semler, 41 Wis. 518; *Elsner* v. *Shirgley*, (Iowa,) 45 N. W. Rep. 393; *in re* Ellis, (Mich.) 44 N. W. Rep 616; *ex parte* Ah Sam, (Cal.) 24 Pac. Rep. 276; *ex parte* Siebold, 100 U. S. 375; *Wood* v. *Brush*, 11 Sup. Ct. Rep. 738; *in re* Thompson, (Mont.) 23 Pac. Rep. 933; *ex parte* Max, 44 Cal. 579.

It is quite clear that the question whether a prisoner accused of a crime by information filed in the District Court has had or waived a preliminary examination for the same crime is a question of procedure, pure and simple. The point presented for decision may involve questions of fact alone, or of law alone, or of both law and fact. From nature of the question, it can only arise upon the trial of the action, and it must be presented to a court which has full authority to decide the question in common with all questions arising at the trial. The question in this case arose at

the trial after an arraignment upon the information in a court possessing full jurisdiction over the subject matter and over the person of the accused. The ruling of the District Court in such a case may be correct or it may be erroneous. In either event, from the nature of the case, the authority to rule is unassailable.

The question of practice presented by the record is decisive against the prayer of the petitioner, but we have deemed the case to be one of unusual practical importance, considered with reference to the prosecution of offenders by information, and as the questions involved have never before been presented to this court, we have conceived it to be important to pass upon the merits as well as upon the practice question. The writ is discharged, and the prisoner remanded. All concur.