(75 N. W. Rep. 809.)

---

## THE STATE OF NORTH DAKOTA *vs.* IRA WELTNER.

Opinion filed May 27th, 1898.

### Preliminary Examination—Affidavit of Bias—Jurisdiction.

*Held*, where a justice of the peace conducted the preliminary examination of the defendant, and held him to bail, after the defendant had in due time filed a proper affidavit for a transfer of the action to another justice, that such examination was void, and inoperative as a preliminary examination of the defendant.

### Information Filed Before Legal Preliminary Examination—Quashed on Motion.

*Held*, further, in such case, that an information against the defendant, filed by the state's attorney, was irregular and voidable, and the District Court erred, to defendant's prejudice, in overruling defendant's motion to set aside the same.

### Statement of Case in Criminal Actions—Judge's Certificate—Court Rules Specifications.

*Held*, further, in a criminal action, that a statement of the case, under the statute and rules of this court, is not required to embody specifications of error, as required in civil cases by rule 10 of the rules of this court, nor need such statement be authenticated by the judge's certificate of identification, as required in civil cases by rule 9.

### Assignments of Error—Court Rules.

*Held*, further, in criminal cases, that assignments of error are governed by rule 12, except that no reference can be made therein to any specifications 'of error in the abstract. No such specifications being required in the statement or abstract, the rule is satisfied by a proper reference in the assignment of error to the page or pages of the abstract relating to the error assigned.

Appeal from District Court, Pembina County; *Sauter*, J.

Ira Weltner was convicted of grand larceny, and appeals from the judgment of conviction.

Reversed.

*John D. Stack*, for appellant.

The information depends for its legal existence upon a preliminary examination of the offender. Section 7982, Revised Codes; *White* v. *State*, 44 N. W. Rep. 445; *State* v. *Sorenson*, 53 N. W. Rep. 1124; *State* v. *Barnes*, 3 N. D. 131, 134. Defendant moved to quash the information in proper time in the court below. Subd. 1, § 8082, Rev. Codes. Defendant was entitled to a judicial examination before an impartial magistrate. *State* v. *Brett*, 40 Pac. Rep. 873; *Packwood* v. *State*, 33 Pac. Rep. 674; *State* v *Barnes*, 3 N. D. 131; *State* v. *Kent*, 4 N. D. 577; *State* v. *Henning*, 3 S. D. 492, 54 N. W. Rep. 536; *State* v. *Evans*, 33 Pac. Rep. 1010. The demand for the removal of the case to another magistrate was in time before the taking of testimony had actually commenced. *State* v. *Evans*, 33 Pac. Rep. 1010; *State* v. *Hazledahl*, 2 N. D. 521; *State* v. *Kent*, 5 N. D. 516–531. When made the justice lost jurisdiction to proceed further. *City* v. *Snyder*, 43 Pac. Rep. 635; *Hellriegel* v. *Truman*, 19 N. W. Rep. 79; *Jenkins* v. *Morning*, 38 Wis. 197; *State* v. *Sorenson*, 53 N. W. Rep. 1124.

*A. L. Miller*, (*J. H. Bosard*, of counsel,) for respondent. No brief filed.

WALLIN, J. This record discloses that the defendant was convicted of the crime of grand larceny, and from the judgment of conviction the defendant has appealed to this court. The single point of error assigned in this court by the defendant rests upon the following facts: The defendant was arrested on a criminal warrant charging him with the commission of said offense, and was brought by the officer who made the arrest before Grant S. Hager, Esq., a justice of the peace of said county, who issued the warrant. As tò what occurred in the Justice's Court, the entries in the docket of the justice will best disclose. Said entries are as follows: "On the 27th day of November, 1897, at 3 o'clock P. M. the defendant, Ira Weltner, being present in court, in custody of James A. Little, said deputy sheriff, I fully advised said defendant of the aforesaid accusation, by reading said complaint to

him; and at the same time I advised the said defendant of his right to obtain counsel before entering his plea to said accusation of grand larceny. The said defendant, Ira Weltner, thereupon asked time to procure counsel, whereupon it was ordered by this court that said case be adjourned until the 30th day of November, 1897, at 10 o'clock A. M. Court opened at 11 A. M. of November 30, 1897, pursuant to adjournment. Defendant was present, in custody of deputy sheriff; John D. Stack, Esq., appearing for him. State was represented by O. M. Corwin, deputy state's attorney. Defendant's counsel John D. Stack, Esq., filed the necessary affidavit of prejudice and bias prescribed by law, and moved for a change of the place of trial to the next nearest justice of the peace. Court overruled the motion on the ground that the defendant had been informed of his rights when first brought before it, and had specifically waived at that time his right to a change of venue and to waive examination; only asking for an adjournment to procure witnesses, which adjournment was duly granted by the court. Defendant's attorney asked for a more full statement of the specific manner defendant waived his right for a change of venue. There having been no stenographer at court at the time of said act, and no request being made that the testimony in the case, or other facts of the court, be taken in writing, it becomes necessary for the court to rely on his memory entirely for the record, which is as follows: That the complaint was first read to the defendant in full, and at the same time the court informed the defendant that he had a right to waive examination and give bonds to appear at the District Court; that he had the further right to change of venue, which right was explained in language to apprise the defendant that he could have another justice hear this examination, if for any reason he believed that the court was unfair or biased. Defendant was further advised of his right to a reasonable adjournment to procure counsel. Defendant was asked if he wished to avail himself of any of said rights, and he said he only desired such adjournment as would give time for him to procure as a witness his brother, Earnest

Weltner, who was at Thief River Falls, Minn., and who had, the previous evening, broken his arm by being thrown from a wagon; that he desired an adjournment until Thursday, the 2d day of December, 1897. The court made inquiries which brought out the information that the witness could reach the place of trial by train on Tuesday, November 30, 1897, by 10 A. M., to which time the trial was adjourned. The defendant gave no intimation to the court that he desired a change of venue, but, on the contrary, seemed, by all actions, willing to consent to the jurisdiction of this court. Defendant's counsel excepts to the ruling of the court, demanding a change of venue in this case." The examination proceeded before said justice of the peace, and resulted in holding the defendant to bail to answer for said offense before the District Court. No other examination was ever had of the accused, and it is not claimed that this case comes within the exceptions named in the statute in which an examination is unnecessary. The state's attorney of Pembina County filed an information in the District Court, charging the defendant with said offense; and, upon being arraigned thereon, the defendant's counsel, before pleading, moved to quash said information upon the ground that the defendant had never had a preliminary examination before any magistrate authorized by law to conduct an examination. The facts were not controverted; the motion being based upon the record of said examination before said justice, which record was then on file with the Clerk of the District Court. The motion to quash was denied, and defendant excepted to the ruling. The defendant refused to plead to the information, whereupon the court directed a plea of not guilty to be entered for him. The defendant was found guilty and sentenced, as before stated.

In this court, defendant contends that the trial court erred in overruling defendant's motion to quash the information. In our judgment, this contention is valid, and must be sustained. The statute expressly authorizes a defendant, upon being arraigned upon an information, to raise the point made here by a motion to

quash or set aside the information. Revised Codes, section 8082. The sufficiency of the affidavit filed by the defendant in the Justice's Court, upon which his motion for a transfer of the action was based, is not questioned. Neither is it claimed on behalf of the state that the examination had commenced at any time prior to the filing of such affidavit. Upon the filing of a proper affidavit, it was the duty of the justice to transfer the action to another justice of the peace. The statute is mandatory in its terms, and leaves no discretion with the justice. Revised Codes, section 7953. It is perfectly clear that after an affidavit is filed, which under the statute, is sufficient in substance, the magistrate has no power or authority to proceed with the preliminary examination of the defendant, and can lawfully do nothing further in the action except to transfer the same, and the papers therein, to another justice. It is evident that the entries incorporated in the docket by the justice on November 27th do not show, in terms, that the defendant then waived his right to have the action transferred; and we are of the opinion that the entries made on the adjourned day (November 30th,) giving another and somewhat different version of what occurred on the 27th, are inadmissible to show that the right to a transfer had been waived on the 27th. Entries in a justice's docket of past events are not to be favored. Besides the statute is imperative in its terms, and allows the affidavit for transfer to be filed "at any time before such examination is commenced." We think this statute should receive a liberal interpretation, and be so construed as to preserve the right to a transfer until an actual examination of the charge against the accused has been commenced. In this case the affidavit was filed as soon as counsel could file the same after the court convened on the adjourned day, and prior to the commencement of any examination of the charge against the accused as stated in the complaint. The right to an examination is of great importance to the citizen, and should, in cases where no indictment is found by a grand jury, be carefully guarded by the trial courts. For a discussion on this

point, see *State* v. *Barnes*, 3 N. D. 131, 54 N. W. Rep. 541. It would seem that this vital error in the proceedings had in the trial court is conceded to exist. At least, we so conclude, in view of the fact that no brief has been filed in behalf of the state, and no point is made in opposition to it on the part of the counsel for the state who argued the case in this court. We think the assignment of error is fully sustained by the undisputed facts in the record, and that the error is fatal to the conviction.

A matter of practice remains to be considered. The statement of the case, as settled by the court below, is certified in this court by the Clerk of the District Court, but is not authenticated by the trial judge's certificate of identification of papers, as required by rule 9 of the rules of this court. Nor does the statement embody specifications of error, as required by rule 10. A motion based on these alleged defects in the record was made, in behalf of the state, to strike out the statement and affirm the judgment. This motion must be denied. Rule 9, by its terms, relates only to civil actions and special proceedings. Rule 10, in so far as it relates to specifications in a statement of errors of law and of fact, voices the provisions of the statute governing the preparation of a statement of the case in civil cases only. Without regard to such rule, a statement in a civil case would be radically defective, under the statute, if it embraced no specifications of error. It is true that rule 10 cites, among others, section 8268 of the Revised Codes, which section, together with sections 8258, 8264, 8265, 8266, and 8267, regulates and defines a statement of the case in criminal actions. But the statutes governing in criminal cases do not anywhere, in terms, require a statement of the case to contain specifications of error, and hence a reference in the rule to section 8268 cannot be construed as a requirement on the part of this court that specifications must form a part of a statement in a criminal case. Such a construction of the rule is not warranted by its language, and would amount to superadding a requirement not contemplated by the legislature in a criminal case. We think this should not be done. It follows that in a

criminal case an abstract of the statement of the case need not, and cannot legitimately, embrace specifications of error. Under existing statutes, no assignment of errors in a criminal case need be made in this court, other than such as are required by rule 12 of the rules of this court to be subjoined to the appellant's brief; and in this, of course, no reference can be made to any specifications of error in the statement. Such assignment should, however, refer to the pages of the abstract, in pointing out the error assigned.

The motion to affirm is denied, and the judgment is reversed. All the judges concurring.