STATE of South Dakota, Plaintiff
and Appellee,

v.

Merton LACHOWITZER, Defendant
and Appellant.

No. 13398.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 1981.

Jan. 6, 1982.

Joaquin K. Hanson, Minnehaha County State's Atty., Steve Miller, Minnehaha County Deputy State's Atty., Sioux Falls, for plaintiff and appellee.

John E. Burke, Sioux Falls, for defendant and appellant.

DUNN, Justice.

Defendant Merton Lachowitzer appeals from a jury verdict finding him guilty of the crime of perjury. We affirm.

This case stems from defendant's testimony during his misdemeanor trial for petty theft in the first degree in Minnehaha County Magistrate Court. Defendant was accused of committing theft by deception by representing to Midas Muffler in Sioux Falls, South Dakota, that he was an employee of Roberts County and that Roberts County was to be billed for the repair work on his truck.

At the misdemeanor trial, defendant testified under oath that he did not represent to Midas Muffler that he was an employee of Roberts County, either verbally or by his appearance. Defendant did sign a receipt for the work completed on his truck and directed Midas Muffler to send the bill to Roberts County. Defendant also testified that he felt he was entitled to compensation from Roberts County for the truck repair work, due to an extended dispute between himself and Roberts County officials. Prior to taking the truck to Midas Muffler, defendant claimed to have discussed the issue of his truck's damages with the Roberts County Board of Commissioners and in particular its chairman, Richard Swenson. Defendant stated that during the discussion Swenson placed two long-distance telephone calls to repair shops in Sioux Falls, one of which was Midas Muffler, and that Swenson then told defendant "to get the work done and send them the bill." The jury was instructed on the "claim of right" theft defense at the misdemeanor trial and returned a not-guilty verdict.

Subsequently, defendant was indicted for perjury. At the perjury trial, Swenson testified that he had not placed a telephone call to Midas Muffler to authorize the repairs to defendant's truck. The owners of Midas Muffler testified that they had not received a telephone call from the Roberts County Commissioners. The telephone bills of the county commissioners' office for the period in question were admitted into evidence and did not include a charge for a telephone call made to Midas Muffler.

Defendant contends that the indictment is fatally defective because it failed to allege the substance of the controversy in which the perjury was committed, the falsity of the matter, and that defendant intended to perjure himself. The indictment, in pertinent part, reads as follows:

That on or about the 8th day of April, 1980, in the County of Minnehaha, State of South Dakota, MERTON LACHOWITZER did commit the crime of perjury by appearing as a witness in a misdemeanor trial in the Magistrate Division of the Second Judicial Circuit Court, which Court had authority to administer an oath, and there testified under oath that Richard Swenson made a long-distance telephone call from Sisseton, South Dakota, to Sioux Falls, South Dakota to authorize repairs to a motor vehicle owned by the defendant, which testimony was material to the issues in said misdemeanor trial, and which testimony defendant knew to be false, or did not reasonably believe was true, contrary to SDCL 22–29–1, 22–29–2 and 22–29–5, contrary to the form of the statute in such case made and provided against the peace and dignity of the State of South Dakota and prays that the said Defendant may be arrested and dealt with according to law.

■ Prior to trial, defendant did not object to the alleged defects in the indictment, as is required by SDCL 23A–8–3(3). This issue, therefore, is not preserved for appeal because of defendant's failure to object in order to preserve the record. *State v. Williams*, 297 N.W.2d 491 (S.D.1980). As we recently stated: "A criminal trial is not a game where defendant's counsel may lie in the weeds and hold back motions or objections that go to the very heart of the prosecution. There exist ample means of attacking the sufficiency of the charge prior to trial. SDCL 23A–8–2." *Id.* at 493.

■ In any event, even if the indictment failed to allege all of the essential elements of the crime charged, it does set forth the statutes which defendant violated and the trial court instructed the jury on all of the essential elements of the crime and all the

essential elements were proven at trial.[1] This is sufficient to correct the indictment if it was defective. *State v. Larson*, 294 N.W.2d 801 (S.D.1980); *State v. Giuliano*, 270 N.W.2d 33 (S.D.1978).

Defendant also contends that the evidence introduced at his perjury trial was insufficient to support a finding that the perjured testimony was material to the issues at the misdemeanor trial. We disagree. The alleged false testimony consisted of defendant stating that he observed Swenson call two repair shops in Sioux Falls and that Swenson, acting for the county commissioners, authorized the repairs to be made on defendant's truck at Midas Muffler.

■ This court has held that " '... a statement is usually held sufficient to support a charge of perjury if it is material to any proper matter of inquiry, and if, furthermore, it is calculated and intended to bolster the testimony of a witness on some material point, or to support or attack the credibility of a witness.' " *State v. Circuit Court for Grant and Day Counties*, 69 S.D. 454, 459–460, 11 N.W.2d 659, 661 (1943) quoting 41 Am.Jur., *Perjury*, § 13 (19___). A statement made by a witness during the course of a trial is also material if it "has a legitimate tendency to prove or disprove some relevant fact irrespective of the main fact at issue, or ... is capable of influencing the court, officer, tribunal or other body created by law on any proper matter of inquiry." *State v. Deets*, 195 N.W.2d 118, 122 (Iowa 1972), appeal after remand, 217 N.W.2d 639 (Iowa 1974). *See also State v. Rohrich*, 135 N.W.2d 175 (N.D.1965).

■ Defendant's testimony may not be directly material to the principal issue of whether he obtained the repair work with intent to defraud Midas Muffler by creating a false impression, but it is material to defendant's claim of right defense.[2] The thrust of defendant's testimony at the misdemeanor trial supported his defense theory that he had an honest and reasonable expectation to the services performed by Midas Muffler on his truck. Thus, the existence of the telephone call may have been capable of influencing the jury's determination.

■ Defendant also alleges that the trial court erred in excluding from his misdemeanor trial the expert testimony of the magistrate court judge, who would have testified that the telephone call was not material. The question of admissibility of expert testimony is a matter which lies within the discretion of the trial court and this court will reverse only if that discretion is abused. *State v. Best*, 89 S.D. 227, 232 N.W.2d 447 (1975). This court has held that if the facts are available to the jury, and understandable by them, then an expert's opinion is of no assistance and should not be admitted into evidence. *State v. Spry*, 87 S.D. 318, 207 N.W.2d 504 (1973); *Kleinsasser v. Gross*, 80 S.D. 631, 129 N.W.2d 717 (1964). In the present case, the jury was read the transcript of defendant's testimony at the misdemeanor trial, the petty theft information and the claim of right jury instruction. These facts were available to the jury and understandable by them; therefore, it was not an abuse of the trial court's discretion to exclude the expert testimony.

1. Jury Instruction number 8 reads as follows:
    The essential elements of the offense of perjury, each of which the State must prove beyond a reasonable doubt, are:
       (1) That the defendant took an oath that he would testify truly in a case in which the law authorized oaths to be administered; and
       (2) That he took it before a competent tribunal, officer or person; and
       (3) That at the time and place alleged in the information he intentionally made a false statement on a material matter, which testimony defendant knew to be false or not reasonably believing it to be true.

2. Defendant's claim of right defense can be summarized as presented to the jury at the misdemeanor trial in instruction number 8:
    It is an affirmative defense to a prosecution for theft that the Defendant was either unaware that the property taken was that of another, or that the Defendant acted under an honest and reasonable claim of right to the property or services involved, or that he had a right to acquire or dispose of that property or services as he did.

Defendant claims that the trial court erred in excluding from his misdemeanor trial the testimony of a member of the jury. The question before the trial court, however, was whether the telephone call evidence was capable of influencing the jury, and not whether it actually did influence the jury. *See State v. Deets, supra; State v. Rohrich, supra.* Therefore, the testimony was rightfully excluded as being irrelevant.

We affirm the conviction.

All the Justices concur.