# STATE OF NORTH DAKOTA v. C. B. WHEELER.

### (165 N. W. 574.)

**Common nuisance — keeping and maintaining — information — sufficiency of — place of crime — identified as in county — capable of — lien on specific property — rule different — definite description required.**

1. In a prosecution against a person for keeping and maintaining a common nuisance, the information contains sufficient allegation as to the place of the commission of the crime if it describes the place where such common nuisance was maintained with such certainty that it can be identified, and alleges the commission of such crime to be within the county. The rule would be different if there be a search or seizure of certain property, or if the prosecution were one for the abatement or restraining of the commission or continuance of a nuisance carried on at a certain location, or where it is the purpose of the action to acquire a lien against specific property. In all such cases there must be a definite description of the property.

**Common nuisance — competent evidence of keeping — sales of intoxicating liquors in place — by defendant — by his employees — knowledge of defendant — jury — question for.**

2. Where one is charged in an information with the keeping and maintaining of a common nuisance at a certain building or place, and the prosecution is against the person only, and is intended to secure the conviction and punishment of such person only, evidence of sales of intoxicating liquors by the defendant, and evidence of sales of intoxicating liquors by defendant's employees, even though the sale of the intoxicating liquors by the employees was not shown to have been made with the knowledge of the defendant, is all competent evidence tending to show that such place or building is one where intoxicating liquors are kept for sale, barter, or gift in violation of law. Whether the defendant had knowledge of the sales of intoxicating liquors at such building or place by his employees is a question of fact for the jury.

Opinion filed November 27, 1917.

Appeal from the District Court of Williams County, Honorable *Frank E. Fisk*, Judge.

Affirmed.

---

Note.—Criminal responsibility for sale of intoxicating liquor by partner, servant, or agent is the subject of a comprehensive series of notes in 41 L.R.A. 660; 16 L.R.A.(N.S.) 786; 20 L.R.A.(N.S.) 321; and 33 L.R,A.(N.S.) 419, in which cases will be found collated on the question of the necessity of authority, when the same can be implied, and the liability for selling without authority.

*Barnett & Richardson* and *Murphy & Metzger,* for appellant.

In a prosecution for keeping and maintaining a common nuisance, where the state unnecessarily charges a more particular description than an allegation of its commission within the county, the particular description given must be proved. Such specific description narrows the scope of the proof. State v. O'Neal, 19 N. D. 426, 124 N. W. 68; State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974; State v. Rozum, 8 N. D. 548, 80 N. W. 477.

The state must also prove that defendant had knowledge of the unlawful sales of liquors by his employees, before he can be convicted. The use of the word "permit" in the statute implies that defendant must have had knowledge. Larson v. Christianson, 14 N. D. 476, 106 N. W. 51; State v. McGillic, 25 N. D. 27, 141 N. W. 82.

"If possession of a building is obtained for a lawful purpose, and then without the knowledge or consent (permission) of the owner, the place is used for illegal purposes, such premises will not be adjudged a nuisance against the owner, unless after knowledge or notice of its unlawful use, he still permits the same." State ex rel. Kelly v. Nelson, 13 N. D. 122, 99 N. W. 1077; State v. Rozum, 8 N. D. 548, 80 N. W. 477; Partridge v. State, 88 Ark. 267, 20 L.R.A.(N.S.) 321, 129 Am. St. Rep. 100, 114 S. W. 215; 28 Cyc. 207 (b); State v. Lesh, 27 N. D. 165, 145 N. W. 829.

Where a judge in his charge to the jury makes a serious and prejudicial mistake, the fact that he correctly states the law in another part of his charge is not sufficient to remove the ambiguity and prejudice resulting from the other erroneous instructions. State v. Kruse, 19 N. D. 203, 124 N. W. 385.

The motion for a new trial was made and decided before judgment was entered, and is a part of the record, and therefore properly before the court. Rev. Codes, § 7842.

*Wm. Langer,* Attorney General, and *William G. Owens,* State's Attorney, for respondent.

An information charging an offense may be amended at any time after plea, or during the trial, as to any matter of mere form, in the discretion of the court, when the same can be done without prejudice to the rights of the defendant. Comp. Laws 1913, § 10,633.

By the amendment here made, the state placed a limit upon its proof,

which, instead of being prejudicial to defendant, created a greater burden upon the state. State v. Kruse, 19 N. D. 203, 124 N. W. 385; State v. O'Neal, 19 N. D. 426, 124 N. W. 68; State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974.

The owner of property is personally responsible and answerable for all the acts of his employees, and "he is liable for particular sales although made by his servants in his absence." People v. Sharrar, 164 Mich. 267, 127 N. W. 801, 130 N. W. 693; People v. Damm, 183 Mich. 554, 149 N. W. 1002; Black, Intoxicating Liquors, § 510.

"A person is sufficiently proved to be such a nuisance keeper when once control, even though temporary, of the place and unlawful business, is shown."

And it is no defense that the saloon was opened by the keeper's bartender without authority. State v. Grant, 20 S. D. 164, 105 N. W. 97, 11 Ann. Cas. 1017; Rev. Codes 1905, § 9373, Comp. Laws 1913, § 10,117; State v. McGillic, 25 N. D. 34, 141 N. W. 82.

There was no error committed by the court in its instructions to the jury, and if any misleading statement was made it was completely corrected by further instructions.

The charge should be read and considered as a whole. State v. Kruse, 19 N. D. 203, 124 N. W. 385; State v. Lesh, 27 N. D. 165, 145 N. W. 829.

Grace, J. This action is one prosecuted by the state of North Dakota against C. B. Wheeler on information filed in the district court of Williams county, North Dakota, which information charged the defendant with keeping and maintaining a common nuisance on the 7th day of January, 1917, and during the regular December, 1916, term of the district court in and for said Williams county, in that the defendant kept and maintained that place known as "Wheeler's Feed Barn," located on lots 7 and 8, Le Dosquet's addition to the city of Williston. The information was filed by the order of the court of said county on the 15th day of January, 1917. The case was tried to the court and a jury on the 18th day of January, 1917, which term was the regular December, 1916, term of such court. The jury by their verdict found the defendant guilty as charged in the information, and recommended to the court that the jail sentence be suspended.

Defendant in his appeal to this court has assigned eighteen errors.

Regarding the first assignment of error, the court did not err in overruling the objection to the question as to the location of the barn. It was perfectly proper to prove the location of the barn in question.

The testimony sought to be excluded in the second assignment of error was proper testimony to admit. The prosecution was for keeping and maintaining a common nuisance. Evidence of purchases of intoxicating liquors upon the premises, whether made from the defendant in person or from the servants or employees of such defendant, was competent testimony.

The third error assigned relates to the amendment of the information by adding thereto the number of the block in which such lots were located upon which such barn was situated. Such an amendment was a matter of form only. The information would have been perfectly good as to substance without any reference to either the lots or blocks, so long as the location of the place of the nuisance was within the county, and the place of maintaining the nuisance would be identified and proved by competent testimony. The rights of the defendant would not be prejudiced by such amendment; and the amendment, being one of form, was permitted under § 10,663, Compiled Laws of 1913. The prosecution in this case is against the person only. The state does not attempt by this proceeding to obtain an order of abatement of the nuisance, or establish a lien against the premises in which the nuisance existed and was maintained; hence, the information would have been good had there been no description of the lots or block, but merely a description of the building by which it could be recognized or identified by competent testimony. State v. Kruse, 19 N. D. 203, 124 N. W. 385. In this case the information was amended so as to disclose a fuller description of the premises, and there was competent testimony offered tending to show the maintaining of a nuisance at the building on lots 7 and 8, block 8.

The testimony of the defendant establishes the location of the feed barn in accordance with the more particular description set forth in the information. We are of the opinion, however, that the particular description of the premises in a case such as the one at bar may be considered as mere surplusage, in view of the law that, in prosecutions against the person only, it is a sufficient allegation as to the place of the commission of the crime where the information alleges its commission

within the county. The rule would be different if there be a search or seizure of certain property, or the abatement or restraining of a commission for the continuance of a nuisance carried on at a certain location,. or where it is the purpose of the action to acquire a lien against specific property. In all such cases there must be a definite description of the property. In all other cases where the prosecution is against the person only, and where the only question presented is the personal guilt of the defendant, the more particular description of the place of the commission of the offense is unnecessary, except the information must. show it is within the county.

The legal requirements of an information or indictment of a person accused of the commission of a crime are contained in § 10,693, Compiled Laws of 1913. The only portion of such section necessary for us to consider is subdivisions 4 and 5 thereof, which are as follows:

"That the offense was committed at some place within the jurisdiction of the court, except when the act, though done without the local jurisdiction of the county or judicial subdivision, is triable therein."

"That the offense was committed at some time prior to the time of the presenting of the information or of the finding of the indictment."

Clearly, then, it must appear that an information is sufficient as to place when the prosecution is against the person, if it contains an allegation that the crime charged to have been committed, was committed within the county. If the information contains a more specific description of the place of the commission of the crime, and it is made to appear by the defendant that he had been misled or deceived by the more particular description, or his rights had in any manner been prejudiced, he may be entitled to a continuance of the trial, or, in the event of conviction, he might be entitled to a new trial. However this. may be, we are clear that any testimony which shows or tends to show the commission of a crime by the accused within the county in which the crime was committed, is competent and admissible testimony in all cases where the prosecution is only against the person.

The defendant in the case at bar predicates error upon the admission of the testimony of those witnesses who testified they purchased intoxicating liquors from Frank Brown and Harry Wheeler, who were employees of the defendant, on the ground that it is not shown that the.

defendant had any knowledge of such sales, if any, by Brown and Harry Wheeler. We are of the opinion that the testimony of such witnesses as to purchases from Brown and Harry Wheeler was competent and admissible testimony, even though the sales by Brown and Harry Wheeler were without the knowledge of the defendant.

It is shown by the testimony of the witness Joyce that he purchased whisky at the barn in question from the defendant. His testimony shows that he got one bottle of whisky from the defendant and paid him $1 therefor; that he had since that time got whisky at the barn in question.

The witness Joyce further testified as follows:

Q. Had you got whisky from the defendant himself before Christmas and after the 11th day of December, 1916?

A. Yes.

Q. On how many different occasions?

A. Oh, I don't know.

Q. More than once?

A. Yes.

Q. Did you pay him for it?

A. Yes, sir.

Q. How much did you pay him?

A. A dollar a pint.

Q. Now, since Christmas, have you got whisky in the barn?

A. Yes.

Q. On how many different occasions?

A. Three or four times.

Q. Who did you get the whisky from on those different occasions?

A. Frank Brown and Harry Wheeler.

Q. Who is Frank Brown, do you know?

A. He is working there in the barn.

Q. Is he the barn man?

A. Yes, sir.

Q. Who is Harry Wheeler?

A. Mr. Wheeler's son.

Q. And each of these occasions was in the barn?

A. Yes, sir.

It also appears from the testimony of Reynolds, that about the first of the month, meaning January, he purchased whisky at this barn three different times. That such purchases were made from Brown and Harry Wheeler.

The information charges the keeping and maintaining of a common nuisance, and the words of the information in this regard are as follows: "That C. B. Wheeler, late of said county of Williams and state aforesaid, did commit the crime of keeping and maintaining a common nuisance committed as follows, to wit: That at said time and place the said C. B. Wheeler did then and there wilfully, wrongfully, and unlawfully *keep and maintain* that certain place known as the Wheeler's Feed Barn, which is located on lots 7 and 8, block 8, Le Dosquet's addition to the city of Williston, where intoxicating liquors were bartered and sold to James Reynolds and divers and various other persons as a beverage." It will be seen that it is the keeping and maintaining of the common nuisance which is the gist of the prosecution. It was shown by competent testimony that the defendant, while at such barn, sold whisky. It is shown that the defendant was in charge of such premises as a feed barn; and so far as this prosecution is concerned, for all intents and purposes, he was the owner thereof. It is also shown that sales were made by Brown and Harry Wheeler. It having been shown that the defendant made a sale of intoxicating liquors at such barn to Joyce, and other testimony showing that the defendant's employees sold liquors to other parties, such testimony was all competent for the purpose of showing that such feed barn was a place where a common nuisance was maintained or kept.

Section 10,117, Compiled Laws of 1913, provides as follows: "All places where intoxicating liquors are sold, bartered, or given away in violation of any of the provisions of this chapter, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery in violation of this chapter, are hereby declared to be common nuisances.

It will be noticed by an examination of the provisions of such statute there are three ways in which such place may be determined to be a common nuisance. First, when such place is one where intoxicating

liquors are sold, bartered, or given away in violation of the law in question. Second, when such place is one to which persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage. Third, when the place is one where intoxicating liquors are kept for sale, barter, or delivery. It will be noticed that the language in each of the provisions refers to the place where such intoxicating liquors are sold or kept for sale, or to which persons may resort for the purpose of drinking intoxicating liquors. Neither of such provisions refers to the person who is keeping and maintaining such place. Under the first provision, to show that it is a common nuisance, all that is required to be shown is that it is a place where intoxicating liquors are sold, bartered, or given away in violation of the law in question. Under the third provision, all that is necessary to show is that such place is one where intoxicating liquors are kept for sale, barter, or delivery in violation of the law. If there is competent testimony proving the selling, bartering, or giving away of intoxicating liquors at such place in violation of the law, or that such place is one where intoxicating liquors are kept for sale, barter, or delivery in violation of law, and the jury returned a verdict of guilty, the owner or person in control and possession of such place is guilty of keeping and maintaining a common nuisance. The question whether the defendant had knowledge that the place was kept and maintained for the sale of intoxicating liquors, and the further question that the place was one where intoxicating liquors were kept for sale, barter, or delivery, are questions of fact for the jury, to be determined as all other questions of fact in the case by all the testimony, facts, and circumstances. A distinction arises as to the second provision, where the place is charged to be one to which persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage. In such case the word "permit" means the same as consent, and consent implies knowledge. In such case it would require proof of knowledge of the keeper of such place of such illegal act, before such place could be held to be a common nuisance.

It was shown by the testimony that the defendant at his feed barn sold whisky and received pay therefor. Other testimony showed that witnesses had also bought whisky from defendant's employees, Brown and Harry Wheeler. All of such testimony was competent to show

that the place, that is, the feed barn, was a common nuisance within the meaning of said statute.

Said section further provides that where the owner or keeper thereof, upon conviction, be adjudged guilty of maintaining a common nuisance, he shall for the first offense be punished by a fine of not less than $200, nor more than $1,000, or by imprisonment in the county jail not less than ninety days nor more than one year. The statute provides a heavier penalty for the second offense. The statute also provides that where the existence of such nuisance is established, either in a criminal or equitable action, upon judgment of the court or judge having jurisdiction finding such place to be a nuisance, the sheriff, his deputy, or undersheriff, or any constable of any county, or marshal of any city, where the same is located, shall abate such place, etc.

This prosecution is against the person only.

We have carefully examined all instructions given by the court to the jury, and find no prejudicial reversible error therein. The court was not in error in refusing defendant's motion for a new trial. The alleged newly discovered evidence was of no effect excepting for the purpose of impeachment. Evidence of such character is not necessarily sufficient to require the granting of a new trial. There was no error in admitting testimony of sales of liquor between the 11th day of December and the date of the filing of the information.

All the testimony on cross-examination sought to be brought out by defendant's counsel from the witness Joyce, in regard to the trouble with his wife and the threatened divorce proceeding, might just as well have been admitted, but we do not think it was prejudicial reversible error to exclude it.

The jury being the exclusive judges of fact, and having seen all the witnesses on the stand, and having had an opportunity to observe their appearance, the willingness or unwillingness with which they testified, and having returned a verdict of guilty, the same is conclusive upon us, there appearing to be no prejudicial reversible error.

The cases cited by the defendant of State v. O'Neal, 19 N. D. 426, 124 N. W. 68, and State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974, are considered, and by a majority of the court held not in point. There is therefore no need to examine the rule of law con-

tained in such cases. The order of the district court in overruling de-fendant's application for a new trial is affirmed.

CHRISTIANSON, J. I concur in result.

ROBINSON, J. I dissent on the ground that the evidence fails to show that the livery barn is a common nuisance.