## STATE v. LARSON.

### Cr. 243.

Supreme Court of North Dakota.

Nov. 30, 1953.

Glenn K. Swanson, State's Atty. of Bottineau County, Bottineau, for plaintiff and respondent.

O. B. Benson, Bottineau, for defendant and appellant.

SATHRE, Judge.

The defendant Orlando Larson was charged with the crime of grand larceny by appropriating to his own use a stray cow, the property of one James Stone without giving the notice as required by law. He was tried in the district court of Bottineau County, North Dakota and the jury returned a verdict of guilty of grand larceny as charged in the information. The defendant made a motion for a new trial on the grounds that the verdict was contrary to the evidence. The motion was denied. The defendant appealed from the judgment. The only question presented on this appeal is whether the evidence was sufficient to sustain the verdict. The substance of the testimony adduced at the trial is as follows:

The defendant is the owner and operator of a 960 acre farm in Bottineau County adjoining the Canadian Boundary line. He is engaged in farming and raising of livestock. The complaining witness James Stone lives in Canada on an 80 acre tract of land 1½ miles north of the boundary line and 3 to 4 miles west from the farm of the defendant. He does a little farming and raises a few cattle and horses. In the winter time he is engaged in trapping. At the time of the alleged larceny by the defendant the complaining witness had 5 head of cattle and among them was a small black cow weighing from 1,000 to 1,050 lbs. This cow had what he called "nice small horns". On the 6th day of December this cow strayed from his farm. He made telephone inquiries in the surrounding neighborhood but was unable to locate her. About a month after the cow had strayed away the complaining witness and one of his neighbors, Louis Racine, went to the farm of the defendant. The defendant's cattle were in the barn yard feeding and the complaining witness and his neighbor Racine went directly to the place where the cattle were feeding and there discovered the black cow which the complaining witness identified as the cow that had strayed away from his farm. He noticed however that the cow had recently been dehorned. After having seen this cow among the defendant's herd, they went to the barn where they met the defendant and inquired if he had seen any stray cattle or a stray black cow to which he replied that he had not. They then left the defendant and the complaining witness

went to the city of Bottineau and consulted with the sheriff of Bottineau County. Shortly thereafter the then sheriff, Mr. Crawford, went with the complaining witness and his son to the defendant's farm. They were accompanied also by two other parties Roy Goodon and William Goodon. They had a conversation with the defendant and the sheriff told him that they wanted to see his cattle. They went to his herd and looked all around for this black cow but did not find her. They then asked the defendant where the little black cow was, but he made no answer. The complaining witness then went back to Bottineau and signed a complaint and shortly thereafter a warrant was issued charging the defendant with grand larceny of the cow. A few days later the sheriff discovered that the defendant had sold some cows to one Ernie Rowland. The sheriff accompanied by the complaining witness and his son, and Louis Racine then went to the farm of Ernie Rowland. The little black cow which the complaining witness claimed was his was found in Ernie Rowland's herd. The sheriff directed the complaining witness, his son, and his neighbor Racine to identify the cow separately, if they could. Each one of them picked out the cow in Rowland's herd of some 50 to 75 cattle. The identification was made by each one separately and without the presence of either of the other two. The witness Racine owned 80 acres of land adjoining the 80 acres owned by the complaining witness and in the same quarter section. This tract of land owned by the two was enclosed by a wire fence. Racine testified that he had been a neighbor of the complaining witness for many years, that he knew the cattle owned by the complaining witness and that he was satisfied that the little black cow located in Ernie Rowland's herd was the cow belonging to the complaining witness. The complaining witness identified the cow by her general appearance, her size, her color, by a white star on her face and particularly by a scar on her right front teat which had been caused by a barb-wire cut. The son of the complaining witness a boy of 14 years said that he had milked the cow since he was 8 years old and that he had absolutely no difficulty in identifying

the cow as the cow belonging to his father. The witness Ernie Rowland testified that he had purchased, two cows from the defendant, and one of them was the little black cow that had been identified by the complaining witness, his son and Mr. Racine. In the transaction he traded one of his own cows to the defendant, and in addition paid him $120. He testified further that the cow in question was worth at least $168. He stated also that the cow appeared to have been dehorned recently, which was apparent by the fact that the stubs of the horns had not been grown over. The complaining witness testified that he had raised the cow on his own farm and that she was 7 years old. The defendant however testified that the cow was his, that he had raised her on his farm and that she was only 3½ years old. He had not noticed any scar on her teat. The cow belonging to the complaining witness had small horns when she strayed away, and the cow found in the possession of the defendant had been recently dehorned.

■ "The question of the credibility of the witnesses and the credence to be given to their testimony was a matter for the jury, and its finding, based upon conflicting evidence, is binding upon this court." State v. Cray, 31 N.D. 67, 153 N.W. 425, 426.

In the case of State v. Ugland, 48 N.D. 841, 187 N.W. 237, 238, it was held:

"The finding of the jury is binding on this court when based upon substantial, competent evidence that, in any reasonable view thereof which the jury has a right to take, justifies the verdict."

See also State v. Burcham, 44 N.D. 604, 176 N.W. 657.

Likewise in the case of State v. Wheeler, 38 N.D. 456, 165 N.W. 574, 577, this court said:

"The jury being the exclusive judges of fact, and having seen all the witnesses on the stand, and having had an opportunity to observe their appear-

ance, willingness or unwillingness with which they testified, and having returned a verdict of guilty, the same is conclusive upon us; there appearing to be no prejudicial reversible error."

While the evidence in the instant case was conflicting, it nevertheless was sufficient to warrant the jury in finding the defendant guilty of grand larceny as charged.

The judgment of the district court is affirmed.

MORRIS, C. J., and CHRISTIANSON. GRIMSON and BURKE, JJ., concur.