STATE of North Dakota, Plaintiff and
Respondent,

v.

Richard L. HEFTA, Defendant and
Appellant.

Cr. No. 280.

Supreme Court of North Dakota.

Jan. 29, 1958.

Gallagher & Paul, Mandan, for appellant.

Elton W. Ringsak, State's Atty., Grafton, and W. T. DePuy, Asst. Atty. Gen., for respondent.

————◆————

HARRY E. RITTGERS, District Judge.

On his plea of guilty to the charge of rape in the first degree, judgment of conviction and sentence for the term of 15 years was pronounced against the defendant on June 4, 1949, in the District Court of Walsh County. On notice duly given, the defendant by his attorneys, Gallagher & Paul, moved to vacate the judgment of conviction in said matter. This motion came duly on for hearing before the Hon. Obert C. Teigen, District Judge, at Devils Lake, N. D., on the 3rd day of June, 1956, plaintiff being represented by Elton W. Ringsak, State's Attorney of Walsh County, and W. T. DePuy, Assistant Attorney General. The trial judge denied the motion and defendant appeals. We quote the motion in full:

"Comes now the defendant, and by his attorneys, moves the Court to set aside and vacate the judgment of conviction and sentence rendered against the said Richard L. Hefta, defendant, by the District Court of Walsh County, North Dakota, on the 4th day of June, 1949, and to discharge the defendant from his imprisonment thereunder.

"Said motion is made upon all of the files and records in said action and upon the grounds following:

"1. That the defendant's plea of guilty and waiver of counsel were not freely and understandingly made, and that the judgment and sentence against him are, therefore, illegal and absolutely void.

"2. That the defendant's plea of guilty and waiver of counsel were induced by misleading statements made to him by the Court, and that the judgment and sentence against him are, therefore, illegal and absolutely void.

"3. That the defendant was not informed of his right to counsel, nor asked if he desired the assistance of counsel as required by the constitution and laws of this state and of the United States.

"4. That the defendant was not informed of his constitutional rights; nor was he apprised of the nature of the charge against him or the consequences of his pleading guilty thereto.

"5. That the criminal information brought against the defendant was and is insufficient to sustain the judgment of conviction and sentence against him and that the same are, therefore, illegal and absolutely void.

"6. That the court received what purported to be evidence in the form of exhibits in said action after the defendant's plea and without affording the defendant opportunity to contradict, deny, or object to the receipt of the same, contrary to the provisions of Chapter 29–26 of the North Dakota Revised Code of 1943.

"7. That the entire proceedings in this matter, considered as a whole, are so prejudicial to the rights of the defendant as to utterly deprive him of the protection of the law and to constitute a fraud upon him, and that the judg-

ment and sentence against him are, therefore, illegal and absolutely void."

Defendant's motion is conveniently grouped and will be considered in three parts: first, Paragraph 5 of the motion; second, Paragraph 6 of the motion; and third, Paragraphs 1, 2, 3, 4, and 7 of the motion.

■ The only evidence presented by the defendant's attorneys in support of the motion is the record of the proceedings had before the District Court which resulted in the conviction and sentence of the defendant. The State then offered in evidence the testimony of Melvin J. Torkelson, Lynn G. Grimson, and Elton W. Ringsak. This evidence was received by the Court over the objection of defendant's counsel on the ground "that the official record in the Office of the Clerk of Court cannot be disputed or explained, and that the plaintiff is bound thereby, and that no evidence is admissible to in any manner dispute, clarify, or qualify it."

This is not a proceeding to amend or correct a record, but is a direct attack upon the jurisdiction of the trial court to adjudicate the issues and pronounce judgment and sentence. The objection to the receipt of the testimony was correctly overruled by the trial court. As will be shown later in this opinion, no lack of due process appears on the face of the record, and there is no evidence extraneous of the record showing lack of due process, and under the present record only an error in the nature of lack of due process would defeat the jurisdiction of the Court.

Defendant asserts that the information filed against the defendant "was and is insufficient to sustain the judgment of conviction and sentence against him and that the same is therefore illegal and absolutely void." The charging part of the information is:

"That on the 1st day of June, 1949, in the County of Walsh and State of North Dakota, the above named defendant did commit the crime of rape in the first degree committed as follows, to-wit:

"That at the said time and place the said defendant did between the hours of 12 o'clock midnight May 31, 1949, and 4 o'clock a. m. on June 1, 1949, did in Walsh County, North Dakota, commit the crime of rape in the first degree by having an act or acts of sexual intercourse with a female not the wife of the perpetrator to-wit: having sexual intercourse with Donna Marie Lizakowski a female of the age of twelve years (12) and did use threats of immediate and great bodily harm if the said Donna Marie Lizakowski should tell her parents or anyone of these acts; and the defendant committing this offense is twenty years of age or over at the commission and time of this offense."

Counsel urge that their objection to the information is good in two respects: first, because the information fails to allege that the defendant was over the age of 24 years, and second, that it contains this clause: "and did use threats of immediate and great bodily harm if the said Donna Marie Lizakowski should tell her parents or anyone of these acts."

■ As to the first of these grounds of objection; the information in this case charged rape in the first degree, and then set out all of the elements of such charge correctly except that it stated the age of the defendant "is twenty years of age or over" instead of 24 years as provided by Code Sec. 12–3004. And the record shows that defendant admitted on the trial and before pronouncement of sentence that he was 33 years old. Counsel argue that the allegation in the information that defendant was "twenty years of age or over" made the information defective and insufficient as a charge of rape in the first degree. But had defendant raised any objection on this

point, the information could have been amended to show his age as 33 years. See Sec. 29–1145, NDRC 1943.

 Furthermore, the punishment provided for rape in the first degree, where the female is under the age of 18 years, is identical with that for rape in the second degree "where defendant has reached twenty years of age and is under twenty-four years of age", that is, "imprisonment in the penitentiary for not less than one year." In this case the court sentenced the defendant to serve a term of fifteen years. And since the defendant was accorded due process, the court had jurisdiction to impose the punishment which was imposed. The defendant pleaded guilty under the facts alleged in the information and the court pronounced judgment. The facts alleged in the information constituted the charge of rape in the second degree. The mere misnomer of the offense charged does not amount to denial of a fair trial, or affect the jurisdiction of the court. State v. English, N.D., 85 N.W.2d 427, 431.

The second ground urged by counsel for defendant is that the information contained the words "and did use threats of immediate and great bodily harm if the said Donna Marie Lizakowski should tell her parents or anyone of these acts."

 Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential elements of the offense, they may be treated as surplusage and wholly disregarded.

To uphold the information against this attack we need go only to our present statutes, Chapter 29–11, NDRC 1943, which defendant's brief ignores.

 As to Par. 6 of defendant's motion to the effect that the court received evidence after receiving defendant's plea, it is sufficient to say that Code Secs. 29–2617 and 29–2618 give the Court authority to receive such evidence as is here objected

to. The only merit to defendant's objection in this respect is that no witness was sworn or testified concerning the exhibits which were received in evidence. Defendant was present when the exhibits were offered and made no objection. He must be held to have waived the right to make any such objection.

In support of Pars. 1, 2, 3, 4, and 7 of the motion, defendant's counsel argue "that the defendant was not properly informed of his constitutional rights; that the Court acted as prosecutor by persuading the defendant to consent to a change in the written statement or confession submitted by defendant; that he put words in the defendant's mouth and rewrote the statement for him; that he changed the entire meaning of the statement without giving the defendant time to consider it; that he failed to explain the effect of the change; and that the whole proceedings constituted a fraud upon the defendant." Nowhere in this record is it asserted by defendant or his counsel that defendant is innocent of the charge brought against him or that he has any defense thereto.

To determine the validity of the interpretation placed upon the court's statements by defendant's counsel, it is necessary to analyze and consider all of the evidence showing what occurred at the time of the hearing and pronouncement of sentence. The original complaint charging the defendant with the crime of rape in the first degree is dated June 1, 1949, and appears to have been filed with the Justice of the Peace, and the defendant was arrested the same day. The return of the Justice of the Peace is dated June 2nd, and it was filed in the office of the clerk of the District Court on June 3rd, and the proceedings before the District Court occurred on June 4th, 1949. The charging part of the information is quoted above.

A part of the original file in this action is Exhibit 5, the written statement or confession signed by defendant which was produced and offered at the defendant's request immediately after he entered a

plea of guilty. The pertinent parts of this document may be stated as follows:

"I, Richard L. Hefta, of Ardoch, N. Dak., being 32 years of age, do make the following statement on the 31st day of May, 1949. My wife and I went to Sylvester Lizakowski's house, in the village of Ardoch, to get their daughter, Donna, to take care of our baby while we went to the taverns for a few drinks. My wife met me about 6:00 o'clock in the evening and we started having a few drinks together, going back and forth between Stoltman's Bar and Schultz' Bar all evening. We stayed at Stoltman's Bar until they locked up and then I bought a 5th of Seagram's Whiskey and four bottles of Seven-Up for mix. John Olmstead was with us. We had several drinks in the car. We drank all the whiskey in the bottle. Olmstead left and my wife and I went home. I left my wife at home and took Donna to her home. Instead of taking her directly home, we went for a ride north on Highway 81 to a point about 3½ miles north of Ardoch, to the railroad crossing. I got her into a ditch and laid on top of her and was feeling around her privates and may have gotten my fingers into them but I don't believe that I put my penus into her *more than half an inch*. We got back in the car and I smoked cigarettes for a long time. I realized I had done wrong and tried to get Donna to promise not to tell anyone about what happened. She promised. I let her out of the car in Ardoch and I went home at 4:00 o'clock A.M. It looked like daylight outside before I entered the house. I slept until 11:30 that morning. Later I was informed that Donna was in a hospital in Grafton and that it was my fault. My wife and I went to the hospital to see Donna and her parents and see if we could settle with them. I told my wife to ask them what it would be worth to them if we paid the trouble and expenses. When my wife returned we went to Grafton and bought some groceries and then started for home and on the way home I was arrested and taken to jail." (Italics supplied.)

Defendant's assertion that the Court acted wrongfully and in disregard of defendant's rights in the proceedings taken by the court upon the production of this document is based upon the fact that Exhibit 5 was amended by adding the words "more than half an inch," which words are shown above in italics. The reporter's transcript of the proceedings in this respect is as follows:

"State's Attorney: As the defendant has plead guilty the State does not intend to call witnesses to verify the Complaint, but the defendant has requested the State to read a statement which has been filed (signed) by the defendant in front of two witnesses, Melvin Torkelson and Frank Duray and make this statement a part of the record."

(Reads the defendant's statement, Exhibit 5 quoted above.)

"Court: Mr. Hefta, when you plead guilty to the charge of rape in the first degree that meant that your penus entered into the private part of this girl —partly at least. There has to be slight penetration. A. Very slight—but some.

"Court: There was some penetration? How much would you say? A. About half an inch.

"Q. Was there half an inch? A. Yes, about that.

"Q. Is this statement correct with that change? A. Yes.

"Q. Mr. Hefta, you made a written statement covering all that you wanted the court to read covering this whole matter? A. Yes, sir.

"Q. After talking it over with the court in open court you agreed that it should be changed so that it stated

that you put your penus into her more than half an inch? A. Yes.

"Q. And with that change you wish this statement to become part of the file in this case? A. Yes, sir.

"Q. With this change is this a true and correct statement of the facts? A. Yes, sir."

In connection with this point we find in Exhibit 8–B, the notes of the Clerk, the following:

"State's Attorney requests that defendant be permitted to read statement prepared by him and made a part of the record. Court permits defendant to read statement. Statement is read and ordered filed, after defendant agrees to the change."

The Court's notes in connection with this particular matter are:

"Defendant was permitted to read a prepared written statement that he had made and the same was received and made a part of the record. There was some discrepancy between this written statement and the plea of guilty and the statement, with the consent of the defendant, was corrected so as to be consistent with the plea of guilty. Defendant stated in open court that in committing the crime of rape in the first degree upon the person of a minor child, Donna Marie Lizakowski, that there had actually been penetration."

Mr. Melvin J. Torkelson testified as follows:

"That affiant was present in court at the time said Richard L. Hefta was sentenced. And at such time the statement (which) was made by said Richard L. Hefta to affiant and one, Frank Duray, Deputy Sheriff, dated June 1, 1949, was amended with the consent of said Richard L. Hefta and after a full discussion between him and the District Judge with reference to the events which occurred the night of May 31, 1949."

Counsel for defendant strenuously urge that the trial court failed to properly advise the defendant concerning his constitutional and statutory rights and that the court, by the form of his questions to the defendant, misled the defendant and caused him to refuse the services of an attorney, which conduct of the court, in connection with all other errors in the record complained of by counsel, amounted to a fraud perpetrated by the court upon the defendant. We quote defendant's brief on that point:

"It is apparent to the writer that the court took advantage of the defendant's ignorance as to the crime of which he was charged and proceeded to prove the state's case by the court's own testimony and by coercively eliciting the desired responses from the defendant."

This statement illustrates the extravagance of the defendant's assertions in this proceeding.

The duty resting upon the trial court to properly advise a defendant in a criminal action concerning his constitutional and statutory rights has been thoroughly considered by this court in the following cases: State v. Magrum, 76 N.D. 527, 38 N.W.2d 358; State v. Malnourie, N.D., 67 N.W.2d 330; State v. Whiteman, N.D., 67 N.W.2d 599; Mazakahomni v. State, 75 N.D. 73, 25 N.W.2d 772.

It has repeatedly been held by our court that any of those rights may be waived by a defendant. State v. Throndson, 49 N.D. 348, 191 N.W. 628; State v. Thompson, 56 N.D. 716, 219 N.W. 218.

Exhibit 19 is the testimony of Elton W. Ringsak, State's Attorney of Walsh County at the time of the defendant's prosecution. This witness testified in substance "That he talked with Hefta and explained that he should get a lawyer, that the judgment against him carried a penalty of from zero to 15 years. That Lynn G.

Grimson appeared with Hefta at the preliminary hearing. That after defendant was bound over at the preliminary hearing and in the presence of the witness, the Sheriff, and the Justice of the Peace, L. N. Altendorf, defendant asked to be allowed to plead immediately before the Judge of the District Court. When the matter came on before the District Court on the afternoon of June 4, 1949, Lynn G. Grimson was present in the court room from the time the proceedings opened until they concluded. That the time of the hearing occupied about three hours with a short break. Mr. Grimson left the court room with Mr. Hefta after the proceedings ended."

Mr. Lynn G. Grimson testified that he was present in court at the time defendand was sentenced.

The transcript of the notes of the court reporter on this point read as follows:

"Court: Do you have an attorney, Mr. Hefta? A. No.

"Q. Do you realize you have the right to have an attorney? A. Yes.

"Q. You have consulted with an attorney? A. Yes, I have.

"Q. If you desired an attorney the court would appoint one for you, but you don't want us to appoint one for you? A. No."

The Justice's return to the District Court recites:

"Defendant, Richard Hefta, appeared before me in the custody of the Sheriff at 10:30 a. m. June 2, 1949, complaint was read to him and he was advised of his right to secure counsel. Defendant then asked for counsel and hearing was adjourned for 30 minutes for arrival and consultation with his counsel. At 11:55 hearing was resumed. Defendant appeared without counsel and waived preliminary hearing."

It follows that the questions and remarks of the trial judge to the defendant concerning his right to be represented by counsel, as they appear in the transcript of the court proceedings, must be construed in the light of the judge's knowledge concerning Mr. Grimson's participation in the case. For instance, the Court's question, "You have consulted with an attorney?" and his question, "If you desired an attorney the court would appoint one for you, but you don't want us to appoint one for you?" must have been fully understood in their proper meaning by the defendant who knew that he had consulted with Mr. Grimson who was then sitting in the court room, and who in the face of all of these facts well known to him had on several occasions said he desired to plead guilty. The court asked a question of defendant and added, "there has to be slight penetration," to which defendant gave answer, "Very slight, but some." This reply of defendant indicates that he was very well informed as to what constituted rape on a 12 year old girl. Mr. Ringsak testified that he had talked with defendant on several occasions concerning defendant's right to have a lawyer, one such occasion being in the court's chambers in the presence of Judge Thomson. We find that the defendant's rights in the respects complained of were knowingly and understandingly waived by the defendant. Considering the statements and questions of the court, which have been used as the basis of the motion, in the light of the evidence before this court, it is apparent that defendant's construction of the words and conduct of the trial court is without foundation in fact, and that the action of the trial court was not offensive to the common and fundamental ideas of fairness and right. The defendant was accorded due process of law, and the court had full jurisdiction.

The order denying the motion for a new trial is affirmed.

BURKE, SATHRE, JOHNSON and MORRIS, JJ., concur.